U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 APR -1  PM 2: 21

CLERK
BY _____law_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JAY OROST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-00955 |
| ) | |
| KATIE OROST, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT**
(Docs. 1, 7)

On August 7, 2024, self-represented Plaintiff Jay Orost, who is detained at Southern State Correctional Facility, filed a Complaint against Defendant Katie Orost, his ex-spouse. Plaintiff alleges the divorce proceedings in the Vermont Superior Court (the "state court") violated his due process and property rights under the Fourth, Fifth, and Fourteenth Amendments, that the state court lacked jurisdiction to divide the marital property, and that the alleged constitutional violations deprived him of money, real estate, and retirement funds. Plaintiff requests that this court "respond to illegal decisions" of the state court. (Doc. 1-2 at 1) (capitalization omitted).

Upon review of Plaintiff's motion to proceed *in forma pauperis* ("IFP"), on October 1, 2024, the Magistrate Judge denied the request to proceed IFP because Plaintiff failed to submit his Inmate Account Summary for the six-month period preceding the filing of his application. *See* 28 U.S.C. § 1915(a)(2) (requiring a detained individual seeking to proceed IFP to submit a certified copy of "the trust fund account statement . . . for the [individual] for the 6-month period immediately preceding the filing of the complaint[,] . . . obtained from the appropriate official of each prison at which the

[individual] is or was confined"). Plaintiff was granted thirty days to file an updated IFP motion with the required documentation. Plaintiff failed to do so.

On December 23, 2024, the Magistrate Judge issued a Report and Recommendation (the "R & R"), in which he recommended the court dismiss the Complaint. (Doc. 7.) Objections were due by January 9, 2025; none were filed. On January 17, 2025, Plaintiff filed a letter in which he requested the court "take notice of [the] Lamoille civil court docket" for the parties' divorce case and asserted "[t]he defendants [were] hiding service so the case may not happen." (Doc. 9 at 1.) He further contended that the state court refused to provide copies for him to effect service and that "[c]opies in jail are very hard to get and take time the judge will not allow." *Id.* (emphasis omitted). Plaintiff did not object to any of the factual or legal conclusions in the R & R, nor did he include an updated IFP application or a proposed Amended Complaint.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The Magistrate Judge's R & R incorporates the analysis set forth in his fourteen-page October 1, 2024 Order in which he screened Plaintiff's proposed Complaint pursuant to 28 U.S.C. § 1915(e)(2) and concluded Plaintiff failed to state a claim for relief under 42 U.S.C. § 1983. As the Magistrate Judge observed, Plaintiff did not allege any acts by Defendant which violated his constitutional rights or plausibly allege that she was acting under color of state law. The Magistrate Judge further determined that Plaintiff failed to plausibly allege that Defendant violated the Fourth or Fourteenth Amendments because those amendments require governmental action and do not apply to

actions taken by private citizens. *See United States v. DiTomasso*, 932 F.3d 58, 67 (2d Cir. 2019) ("Fourth Amendment principles governing searches and seizures apply only to 'governmental action[.]'") (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)); *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is . . . required to show state action.").

In analyzing a potential Fifth Amendment claim based on eminent domain, the Magistrate Judge found that Plaintiff failed to state a claim for which relief may be granted because the state court utilized its authority under Vermont's divorce statutes and not its eminent domain statute. *Compare* 15 V.S.A. §§ 551-63, *with* 24 V.S.A. § 3210. In addition, the Magistrate Judge concluded that Plaintiff did not allege that the state court converted his marital property for public use. *See* U.S. Const. amend. V ("[N]or shall private property be taken for public use, without just compensation."). After reviewing the court's subject matter jurisdiction, the Magistrate Judge also recommended that this court abstain from exercising jurisdiction over a divorce proceeding in the state court. The court agrees with these conclusions in the facts and circumstances of this case.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the R & R (Doc. 7) and DISMISSES Plaintiff's Complaint (Doc. 1).

The court certifies that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 1st day of April, 2025.

Christina Reiss, Chief Judge
United States District Court

3